UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
DOUGLAS C. BRANDON,                   :
                         Plaintiff,   :
                                      :
              -v-                     :    10 Civ. 9017 (KBF)
                                      :
JAY K. MUSOFF, TIMOTHY COLEMAN, MARSH &:    OPINION
MCLENNAN COMPANIES, INC. and KROLL a/ka:    AND ORDER
KROLL INC. a/k/a KROLL & ASSOCIATES,  :
                        Defendants.   :
                                      :
------------------------------------- X

KATHERINE B. FORREST, District Judge:

Plaintiff commenced this action in the Eastern District of Kentucky (the district in which he is currently incarcerated) in March 2010. The action was transferred to this Court in November 2010. Three of the four defendants have appeared to date: Jay K. Musoff, Timothy Coleman and Marsh & McLennan ("Marsh"). (See Docket Nos. 19-20.) The caption and complaint also name Kroll (alternatively known as Kroll Inc. or Kroll & Associates) as a defendant, but Plaintiff has so far been unsuccessful in serving Kroll.[1] Plaintiff asserts in his First

---

[1] The U.S. Marshals, on Plaintiff's behalf, have attempted to serve Kroll twice, using two different addresses provided by Plaintiff. Each time the Post Office returned the summons and complaint as undeliverable to the intended address. On December 29, 2011, Plaintiff wrote to this Court requesting that service be attempted at a third address. In light of this Opinion and Order, doing so would be futile, and so the Court denies Plaintiff's request.

1

Amended and Supplementary Complaint ("Complaint") that Kroll is "a subsidiary of Marsh" (Comp. at 6; see also id. at 2.[2])

Defendants Musoff and Coleman move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Marsh moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6). For the reasons set forth below, both motions to dismiss are GRANTED in their entirety pursuant to Rule 12(b)(6).

## BACKGROUND

Plaintiff was the Trustee of Credit Bancorp, Ltd. ("CBL"), an enterprise he admits was part of a "nefarious Ponzi Scheme." (Id. at 4.) In connection with his work for CBL, Plaintiff was convicted of securities fraud, wire fraud and conspiracy to commit securities fraud and wire fraud, following a seven-week jury trial concluding on June 26, 2003. (See Compl. at 4-5 (referring to "my jury's decision to convict me" and "a jury verdict of conviction"); see also United States v. Rittweger, 524 F.3d 171, 176 (2d Cir. 2008); Crim. Docket, United States v. Rittweger, No. 02 Cr. 122 (JGK).)[3] Defendants Musoff and

---

[2] Because the Complaint does not contain numbered paragraphs, citations to the Complaint refer instead to page numbers.

[3] Though the Complaint does not identify Plaintiff's criminal proceeding by case name or docket number, it contains multiple references to his trial and conviction, both matters of public record. As discussed more fully in the Standard of Review section, infra, the Court in considering a Rule 12(b)(6)

2

Coleman, at the time Assistant United States Attorneys for the Southern District of New York, represented the Federal Government in Plaintiff's criminal case. (*See* Compl. at 2-3.) Plaintiff is currently incarcerated in the Eastern District of Kentucky. (*Id.* at 2.)

Plaintiff appealed his conviction, in part, on a basis also alleged in this action: That defendants Musoff and Coleman violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a potential witness, Virginia Allen, until a week before trial. Ms. Allen, who had terminal cancer, died during the trial, before Plaintiff could elicit testimony from her. (*See* Compl. at 3; Brief for Defendant-Appellant Douglas C. Brandon, *United States v. Rettwinger*, No. 05-3600-cr(L) (2d Cir. Mar. 17, 2006).) The Second Circuit affirmed plaintiff's conviction in 2008, holding that there was no reasonable probability that the Government's delay affected the outcome of Plaintiff's criminal case. *Rettwinger*, 524 F.3d 171, 180-83 (2d Cir. 2008).

In 2009, plaintiff moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based, in part, on the

---

motion may properly consider the opinions and docket sheets related to Plaintiff's trial because they are "'documents . . . incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken.'" *E.g. Brown v. Nelson*, No. 05 Civ. 4498, 2008 WL 4104040, at *4 (S.D.N.Y. Aug. 29, 2008) (quoting *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999)).

3

same *Brady* argument made on appeal and another argument he now makes again in this Complaint: That defendants Musoff and Coleman coerced an individual, Richard Blech, to give perjured testimony adverse to Plaintiff. (*See* Compl. at 3-4; *Brandon v. United States*, No. 09 Civ. 7720 (JGK), 2011 WL 4801362, at *2-3, 5 (S.D.N.Y. Oct. 10, 2011).) On October 10, 2011, the Court denied that motion, finding no merit to the part relating to Mr. Blech and holding that the part relating to *Brady* had already been addressed and rejected by the Second Circuit. *See Brandon*, 2011 WL 4801362 at *9.

Plaintiff has also been the subject of civil enforcement proceedings, initiated by the Securities and Exchange Commission ("SEC") in November 1999. (*See* Compl., *SEC v. Credit Bankcorp, Ltd., et al.*, 1:99-cv-11395-RWS (S.D.N.Y. Nov. 17, 1999).) One of the allegations in those proceedings was that Plaintiff and his co-defendants had fraudulently induced prospective investors to participate in the CBL program in violation of the federal securities laws. (*Id.*) In March 2000, the Court permitted several CBL customers to intervene in the SEC action against Plaintiff. (Docket No. 140, *SEC v. Credit Bankcorp, Ltd., et al.*, 1:99-cv-11395-RWS.)

In June 2001, while the SEC and customer case was ongoing, Plaintiff filed a complaint against Marsh, CBL's insurance broker, alleging, among other claims, negligent

4

misrepresentation and breach of fiduciary duty ("2001 Complaint"). (*See* Compl., *Brandon v. Marsh & McKennan Co., et al.*, 01-CV-5117-RWS (S.D.N.Y. June 8, 2001).) The conduct alleged in the instant action was also alleged in the 2001 Complaint, namely that Marsh told Plaintiff that it monitored CBL customers' accounts and performed due diligence on CBL (*see id.* ¶¶ 15-16) and had questions about CBL's business practices but took no steps to inform Plaintiff or CBL's customers of its concerns, in breach of its alleged fiduciary obligation (*see, e.g., id.* ¶¶ 40, 43, 68). (*See* Compl. 4-6.) In January 2005, Plaintiff voluntarily dismissed his claims without prejudice (*see* Docket No. 17, 01-CV-5117-RWS) and entered into an agreement with Marsh to toll the applicable statutes of limitations from June 1, 2001 to December 13, 2005, for "all potential claims that [Plaintiff] may have against Marsh arising from or relating to Marsh's former role as CBL's or [Plaintiff's] purported insurance broker." (Miritello Decl. Ex. 7 at 2.)

Plaintiff now brings the instant, civil action. He proceeds *pro se* but is himself an attorney. (Compl. at 2.) In the Complaint, Plaintiff purports to state a 42 U.S.C. § 1983 claim against defendants Musoff and Coleman. (*Id.* at 2-4.) Because they are federal, not state, officials, however, this Court and the defendants instead construe the Complaint to

5

assert a claim under *Bivens v. Six Unknown Named* Agents, 403 U.S. 388 (1971) ("*Bivens*"). *See, e.g., Magassouba v. Cross*, 08 Civ. 4560 (HBP), 2010 WL 1047662, at *2 & n.2 (S.D.N.Y. Mar. 1, 2010), *as adopted by* 2010 WL 4908670, at *1 (S.D.N.Y. Nov. 30, 2010). Plaintiff asserts claims against Marsh for fraud, breach of fiduciary duty and conspiracy with defendants Musoff and Coleman to violate his civil rights. (Compl. at 4-5.) All of Plaintiff's claims relate to actions allegedly undertaken by Defendants in the time leading up to and during the prosecution of his criminal case.

In their motion to dismiss, defendants Musoff and Coleman argue that they have prosecutorial immunity from suit; that a *Bivens* suit alleging a violation of constitutional rights in connection with a criminal conviction cannot be maintained unless the conviction has previously been invalidated; that the entire action is time-barred; that collateral estoppal bars Plaintiff's claims based on the alleged concealment of Ms. Allen and the perjured testimony of Mr. Blech; and that Plaintiff's Sixth Amendment and conspiracy claims are inadequately pled. (*See* Defs. Musoff and Coleman's Mem.) In its motion, defendant Marsh argues that the applicable claims are time-barred and inadequately pled. (*See* Def. Marsh's Mem.)

Plaintiff's response (submitted for both motions) fails to address or oppose most of the bases for dismissal asserted by

6

Defendants. The response contains two parts. In the first part, Plaintiff cites a Sixth Circuit Court of Appeals case for the proposition that the statute of limitations for false imprisonment does not begin to run until detention ends. In the second, he quotes 28 U.S.C. § 1983 and asserts in a conclusory fashion that the Complaint "clearly states a cause of action as contemplated by Congress in the statute" and so is adequately pled. (Pl.'s Resp.)

## STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering such a motion, this Court must accept as true all well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *See, e.g., Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). The Court may also consider whether claims are timely brought under the applicable statute of limitations. Dismissal under Rule 12(b)(6) "is appropriate when a defendant raises a statutory bar as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (internal punctuation and emphasis omitted).

7

In addition to the facts stated on the face of the complaint, the Court may consider on a Rule 12(b)(6) motion "documents . . . incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *E.g., Brown*, 2008 WL 4104040, at *4 (quoting *Leonard F.*, 199 F.3d at 107). "[W]hen a plaintiff chooses not to attach to the complaint or integrate by reference a document . . . which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant[s'] motion[s] to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (internal punctuation omitted). Likewise, "[t]he court may . . . consider matters of which judicial notice may be taken, even if the corresponding documents are not attached to or incorporated by reference in the complaint." *Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005). The Court may take judicial notice of filings in other courts "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (internal quotation marks omitted); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice");

8

*Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of a court document as a public record); *Parker v. City of New York*, No. 09 Civ. 910, 2010 WL 1693007, at *3 n.2 (E.D.N.Y. Apr. 28, 2010) (taking judicial notice of date of arraignment from state court record in determining whether statute of limitations had run on false arrest claim).

Dismissal with prejudice on a Rule 12(b)(6) motion is appropriate when granting leave to amend would be futile - *i.e.* when repleading would not cure the defect with the particular cause of action. *See Cuoco v. Moritsugu*, 22 F.3d 99, 112 (2d Cir. 2000) (affirming denial of leave to replead where "[t]he problem with [*pro se* plaintiff's] cause of action [was] substantive; better pleading [would] not cure it," and "[r]epleading would thus be futile"). Accordingly, when a cause of action falls outside the applicable statute of limitations, dismissal with prejudice is justified. *See Raul v. American Stock Exch.*, No. 95 Civ. 3154 (SAS), 1996 WL 627574, at *2 (S.D.N.Y. Oct. 29, 1996) (affirming with-prejudice dismissal of *pro se* action on Rule 60(b) motion, where statute of limitations barred claims).

## DISCUSSION

While the Court considering Defendants' motions could spend significant time discussing prosecutorial immunity, the well-established bar to *Bivens* actions implying the invalidity of

9

convictions upheld on appeal, or the applicable pleading standards, it need not do so. It is enough to warrant dismissal that all of Plaintiff's claims are time-barred.

With respect to defendants Musoff and Coleman, the applicable statute of limitations for a *Bivens* action (if one could even be brought under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Tavares v. Reno*, 54 F.3d 109 (2d Cir. 1995) (extending *Heck* to *Bivens* actions)) is three years from the date upon which Plaintiff became aware, or should have become aware, of the alleged constitutional violations. *See, e.g., Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987); *Clavizzao v. United States*, 706 F. Supp. 2d 342, 347 n.7 (S.D.N.Y. 2009); *see also* N.Y. C.P.L.R. § 214(5). The events described in the Complaint all occurred during or prior to a criminal trial that concluded on June 26, 2003. (*See* Compl. at 4 ("My right to a fair trial has been denied by the above cited torts and their cumulative effect resulting in materially adversely [sic] affecting my jury's decision to convict me; and, but for these torts, would have at least resulted in my jury finding of a reasonable doubt as to each charge or, at least, the jury would have been unable to reach a decision . . . ."); *see also Rittweger*, 524 F.3d at 176; *Brandon*, 2011 WL 4801362.) Thus, Plaintiff's deadline for bringing a *Bivens* action based on those events expired, at the latest, in June 2006, nearly four years before this matter was

10

commenced in March 2010. Nothing in the Complaint suggests that the Court should apply the extraordinary doctrine of equitable tolling in this case.[4] *See generally Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) ("[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." (internal punctuation and citation omitted)).

Plaintiff's statute of limitations argument in his response is inapposite. As discussed above, a *Bivens* claim accrues when the plaintiff knows, or should have known, of the alleged constitutional violation. *See Clavizzao*, 706 F. Supp. 2d at 347 n.7. False imprisonment is not even one of the constitutional violations asserted in the Complaint. In any event, the Sixth Circuit case from 1992, on which Plaintiff's argument relies and

---

[4] Plaintiff's allegation that he learned in 2009 that Mr. Blech "confessed . . . to perjury" does not justify tolling. (Compl. 3-4.) Accepting as true that Mr. Blech gave false testimony, Plaintiff does not plead facts showing that he was unaware of the cause of action – *e.g.* that he believed Mr. Blech's testimony to be true or had no reason to question it until 2009. To the contrary, the detailed facts alleged – that Mr. Blech gave false testimony adverse to Plaintiff "regarding [Plaintiff's] implied knowledge of Blech's Ponzi Scheme" and authenticated a forged letter, which stated that "European banks had rejected [Plaintiff's] American bank guaranteed signature to be used as the basis for [his] authority to deal with Credit Bancorp customer trust accounts" – strongly suggest that Plaintiff was aware of the perjury at the time of Mr. Blech's testimony. (Compl. at 3-4.) None of those details are included in Mr. Blech's alleged confession. (*See* Original Compl. (Dkt. No. 2) Ex. A.)

as interpreted by him, is no longer good law in light of *Wallace v. Kato*, 549 U.S. 384 (2007). *See Gardner v. Bisceglia*, 956 F.2d 116 (6th Cir. 1992). Even if the statute of limitations for a Section 1983 false imprisonment action were relevant here, under *Wallace* it would have accrued when Plaintiff was arraigned; it would not begin when his current detention ends. *See Wallace*, 549 U.S. at 389-90.

The claims against defendant Marsh are also time-barred. The applicable statute of limitations for Plaintiff's fraud claim is five years from discovery.[5] That claim is based on allegations that between 1997 and 1999, Marsh allegedly misrepresented to him the extent to which it monitored CBL's business transactions and the custodial accounts containing CBL's customers' monies. (Compl. at 5.) Plaintiff raised those same allegations in his lawsuit commenced against Marsh on June

---

[5] In assessing the timeliness of Plaintiff's state law claims, the Court must apply New York's "borrowing statute" (C.P.L.R. § 202), which provides that when a non-resident sues on claims arising outside of New York, "the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998); *see also* N.Y. C.P.L.R. § 202. Because Plaintiff is a resident of Kentucky, and his state law claims arose in Kentucky (*see* Compl. at 2; *see also* Pl.'s Aug. 25, 2010 Response to Order, Docket No. 10), the Court must compare New York and Kentucky's limitations periods for both such claims and as to each, apply the shorter period. For the fraud claim, Kentucky's five-year statute of limitations is shorter. *Compare* Ky. R.S.A. §§ 413.120(12), 413.130(3) *with* N.Y. C.P.L.R. § 213(8) (six years).

12

8, 2001 (*compare id.* with 2001 Compl. at ¶¶ 15-16), stemming from the SEC proceeding against Plaintiff filed on November 17, 1999, and the intervening customer claims (*see* 2001 Compl. ¶ 48 (alleging that as a result of Marsh's purported misrepresentations, Plaintiff sustained losses "including but not limited to attorney's fees in defending claims brought by the SEC and [CBL] customers . . . and potentially losses from Judgments stemming from the SEC and customer claims")). Thus, Plaintiff discovered, or reasonably should have discovered, the basis for his fraud claim against Marsh as early as November 17, 1999, the date the SEC filed its complaint. *See Easterly v. Metro Life Ins. Co.*, Nos. 2006-CA-1580-MR, 2006-CA-1687-MR, 2009 WL 350595, at *4 (Ky. Ct. App. Feb. 13, 2009). This action was not commenced until March 2010, over five years after it accrued, even accounting for the roughly four-and-a-half-year tolling agreement. As such, it is untimely.

The applicable statute of limitations for Plaintiff's breach of fiduciary duty claim is three years.[6] Underlying that claim is Plaintiff's allegation that Marsh failed to inform him

---

[6] The same "borrowing statute" analysis applies to this state law claim. *See supra* note 5. In the breach of fiduciary duty context, New York's three-year statute of limitations period is shorter. *Compare* N.Y. C.P.L.R. § 214(4); *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 139, 879 N.Y.S.2d 355, 359 (2009) *with* Ky. R.S.A. § 413.120(7); *Rich & Rich P'ship v. Poetman Records USA Inc.*, 714 F. Supp. 2d 657, 668 (E.D. Ky. 2010) (five years).

of suspicious transactions involving CBL customer accounts in breach of its fiduciary obligations. (*See* Compl. at 5.) Like those related to Plaintiff's fraud claim, these allegations were also raised in the 2001 Complaint. (*Compare id. with* 2001 Compl. at ¶¶ 40, 43, 68.) Thus, at the latest, Plaintiff's breach of fiduciary duty claim against Marsh accrued on or about June 8, 2001, the date of his first action. *See Kronos Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94, 595 N.Y.S.2d 931, 934 (1993) ("accrual occurs when the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint"); *see generally Martino v. Grupo Mundial Tenedora, S.A.*, No. 10 Civ. 4126, 2011 WL 142886, at *4 (S.D.N.Y. Mar. 17, 2011) ("New York law recognizes breach of fiduciary duty to be a tort."). Again, even taking into account the roughly four-and-a-half year tolling period, Plaintiff's claim comes far too late.

Plaintiff's last claim that Marsh conspired with defendants Musoff and Coleman to violate his civil rights is subject to New York's three-year personal-injury statute of limitations, whether it's a Section 1983 claim or a *Bivens* one. *See, e.g., Chin*, 833 F.2d at 22-24; *see also* N.Y. C.P.L.R. § 214(5). The allegations underlying that cause of action all relate to conduct occurring before Plaintiff's criminal conviction in June 2003, if not during the investigatory period prior to his

14

indictment. Accordingly, to survive dismissal Plaintiff would have had to bring his conspiracy claim no later than June 2006. *See generally Poux v. Cnty. of Suffolk*, No. 09 Civ. 3081(SJF), 2010 WL 1849279, at *8 (E.D.N.Y. May 4, 2010) (In an action alleging civil conspiracy, "'the cause of action accrues and the statute of limitations begins to run from the time of commission of the overt act alleged to have caused damages.'" (quoting *Chodos v. F.B.I.*, 559 F. Supp. 69, 74 (S.D.N.Y. 1982), *aff'd*, 697 F.2d 289 (2d Cir. 1982))). He did not, and so the claim is time-barred.

## CONCLUSION

In light of the foregoing, Defendants' motions are GRANTED, and the Complaint is dismissed with prejudice as untimely. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. The Clerk of the Court shall close this case.

Dated:   New York, New York
         January 17, 2012

_____
KATHERINE B. FORREST
United States District Judge